# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CARMEN A. ZAMMIELLO,**

    **Plaintiff,**

vs.                        Case No. 4:16cv572-MW/CAS

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on September 14, 2016, by filing a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, a motion requesting the appointment of counsel, ECF No. 2, and an in forma pauperis motion, ECF No. 4. Because the in forma pauperis motion was insufficient, ruling was deferred and Plaintiff was directed to submit an in forma pauperis motion on the form used in this District, and provide a computer printout of his inmate bank account for the six month period of time preceding the filing of the complaint. ECF No. 5.

Plaintiff has now filed another in forma pauperis motion, this time on the correct form, but Plaintiff provided only the computer printout of his

account for the month of September, *see* ECF No. 7.  Plaintiff did not provide statements for the months of March through August, 2016. Plaintiff indicated that the 6-month statement had not yet been provided to him.  ECF No. 7 at 3.

Plaintiff's second in forma pauperis motion remains insufficient to demonstrate that Plaintiff is entitled to in forma pauperis status.  The motion also is insufficient to determine whether Plaintiff has received deposits within the past 6 month such that he should be required to submit an initial partial filing fee.  The motion was sufficient, however, to prompt further review of Plaintiff's complaint because the September bank account statement shows Plaintiff has a large lien against his inmate account.  The statement demonstrates a $960.00 "federal prison litigation" lien.  ECF No. 7 at 3.  That amount suggests that Plaintiff has previously filed several federal cases.  Accordingly, review was made of Plaintiff's complaint to determine if Plaintiff honestly disclosed his litigation history.

Plaintiff stated that he filed the following prior cases: case numbers 8:16cv954 (M.D. Fla.), 8:13cv2285 (M.D. Fla.), and 1:15cv22592 (S.D. Fla.).  He also indicates in response to Question D that one case, case

number 8:13cv1959 (M.D. Fla.), was dismissed prior to service "allegedly" as time barred. ECF No. 1 at 8. He did not list any other cases in response to Question D which asked if Plaintiff ever had actions "dismissed as frivolous, malicious, failing to state a claim, or prior to service." ECF No. 1 at 7-8.

Judicial notice is taken that Plaintiff has not honestly disclosed all his prior cases. Plaintiff did not list filing case number 8:15cv1747 in the Middle District. That was a § 2254 habeas petition which was transferred from the Southern District, which began as case number 1:15cv22592. Plaintiff did not disclose either case. Other habeas cases were also filed that have not been disclosed. Courts may dismiss a case as an abuse of the judicial process under § 1915(g) for failing to honestly disclose prior cases. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

However, another issue precludes Plaintiff's ability to proceed further in this case. Plaintiff also filed a § 1983 civil rights case in the Middle District which he did not disclose. Case number 8:15cv773 was filed on April 1, 2015, and dismissed on April 7, 2015, because it was against the same defendants and asserting the same claims as was raised previously

in case number 8:13cv1959, a case previously dismissed "as barred by the statute of limitations and the Eleventh Circuit dismissed Zammiello's appeal as frivolous." ECF No. 5 of case # 8:15cv773. Plaintiff acknowledged the earlier case and basis for dismissal, but he did not list the case number 8:15cv773 or the appeal in the instant complaint, ECF No. 1. Because the appeal, case number 13-13709, was dismissed "as frivolous," *see* ECF No. 11 of case number 8:13cv1959, Plaintiff should have listed that case in his response to Question D of the complaint form. The appeal counts as a "strike" under 28 U.S.C. § 1915(g). Furthermore, Plaintiff's underlying case, case number 8:13cv1959, which was dismissed as time barred is a second strike.

That conclusion should not be surprising because Plaintiff was advised that both cases counted as "strikes" for purposes of 28 U.S.C. § 1915(g) when the Middle District of Florida dismissed case number 8:16cv954. Plaintiff listed that case in the instant complaint, ECF No. 1, but he did not properly disclose the basis for its dismissal. In an order entered by United States District Judge Steven D. Merryday, the Court explained that the claim Plaintiff was attempting to raise in that case "was

the subject of two earlier actions, both of which were dismissed as time-barred . . . ." ECF No. 4 of case # 8:16cv954.  That Court concluded that Plaintiff had "three or more dismissals that qualify under Section 1915(g)" and denied his in forma pauperis motion and dismissed the case.  ECF No. 4 of case # 8:16cv954.[1]

Although not clearly specified by Judge Merryday, the third "strike" Plaintiff had accumulated was from case number 8:15cv773, noted above, but which was not acknowledged by Plaintiff.  That case was dismissed both as repetitive (brought same claims against the same defendants) and as time barred.  ECF No. 5 of case # 8:15cv773.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."  Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 641 n. 2 (11th Cir. 1990) (quoted in Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010)); *see also* Herrington v. Hood, No. 5:13-CV-184-MTT, 2014 WL 975724, at *3 (M.D. Ga. Mar. 12, 2014),

---

[1] Plaintiff filed an appeal of that dismissal which he did not acknowledge either. The appeal, 16-15423, was dismissed for failure to prosecute on September 23, 2016. ECF No. 20 of case # 8:16cv954.

Case No. 4:16cv572-MW/CAS

appeal dismissed (Aug. 5, 2014) (dismissing prisoner's complaint dismissed as frivolous because it was barred by the statute of limitations).

Thus, Plaintiff has three strikes from three cases. The first two strikes are based on cases dismissed as time barred, case number 8:15cv773 and case number 8:13cv1959, and the third strike is from appellate case number 13-13709, which was dismissed "as frivolous." Plaintiff is not entitled to proceed with in forma pauperis status and his motions for leave to so proceed should be denied unless Plaintiff can demonstrate that he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[2] The allegations raised in Plaintiff's complaint reveal he challenges his confinement in the administrative segregation unit without procedural due process. ECF No. 1 at 9. Those allegations do not bring him Plaintiff within the "imminent danger" exception.

Because Plaintiff has had at least three prior cases dismissed as frivolous and he is not under imminent danger of serious physical injury,

---

[2] That statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (quoted in Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)).

Case No. 4:16cv572-MW/CAS

Plaintiff's motions requesting leave to proceed in forma pauperis should be denied and this action should be dismissed. The dismissal should be without prejudice to Plaintiff's ability to file a new lawsuit raising the same claims, subject to his payment of the Court's $400.00 filing fee at the time of filing the complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.").

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motions to proceed in forma pauperis, ECF Nos. 4 and 7, be **DENIED** pursuant to 28 U.S.C. §1915(g), Plaintiff's complaint, ECF No. 1, be **DISMISSED without prejudice,** all other pending motions be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that the case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 25, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**